## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| MARKIYAH SMITH | ) | CASE NO. |
| 806 Glenway Drive | ) | |
| Hamilton, Ohio 45013, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| THE MARTIN-BROWER COMPANY, LLC | ) | |
| 4260 Port Union Road | ) | **JURY DEMAND ENDORSED** |
| Suite 300 | ) | **HEREIN** |
| Fairfield, Ohio 45011, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Markiyah Smith, by and through undersigned counsel, states and avers the following for the Complaint against the Defendant Martin-Brower Company, LLC:

### PARTIES, JURISDICTION, AND VENUE

1. Smith is a resident of Hamilton, Butler County, Ohio.

2. The Martin-Brower Company, LLC ("Martin-Brower") is a limited liability company that does business at 4260 Port Union Road Suite 300, Fairfield, Ohio 45011.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Smith is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII").

4. All material events alleged in this Complaint occurred in Butler County, Ohio.

5. This Court has supplemental jurisdiction over Smith's state law claims pursuant to 28 U.S.C. § 1367 as Smith's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.   On or about July 3, 2025, the EEOC issued a Notice of Right to Sue letter to Smith regarding Smith's EEOC Charge. Attached as Exhibit A.

8.   Smith has properly exhausted her administrative remedies pursuant to R.C. § 4112.052.

## **FACTS**

9.   On or about January 15, 2024, Martin-Brower hired Smith.

10.  Martin-Brower employed Smith in the position of Warehouse Operations Assistant.

11.  Smith is a woman.

12.  Smith is a lesbian.

13.  Throughout her employment, Smith was repeatedly sexually harassed.

14.  On or about February 7, 2024, DeAngelo Whitlow rubbed Smith's lower back.

15.  Smith did not consent to Whitlow's rubbing of her lower back.

16.  Whitlow's rubbing of Smith's lower back was unwelcome to Smith.

17.  Whitlow rubbed Smith's lower back because of her gender.

18.  Whitlow was a Warehouse Operations Assistant.

19.  Whitlow is a man.

20.  Whitlow is heterosexual.

21.  On or about February 14, 2024, Whitlow told Smith he enjoys her scent.

22.  On or about February 14, 2024, Whitlow expressed disappointment upon learning she was a lesbian.

23.  On or about February 14, 2024, Whitlow declared his intention to continue pursuing Smith despite her expressed disinterest and discomfort.

24.  Hereinafter, Paragraphs 21 through 23 are referred to as "Whitlow's Comments."

25.  On or about February 14, 2024, Smith asked Whitlow to stop making Whitlow's Comments.

26.     Whitlow's Comments were unwelcome to Smith.

27.     During Smith's employment, Maurice Boyd regularly directed sexually suggestive comments at Smith.

28.     Martin-Brower employed Boyd as a receiver.

29.     Boyd is a man.

30.     Boyd is heterosexual.

31.     Boyd called Smith "beautiful" and "sexy" daily.

32.     Boyd bit his lip and winked at Smith.

33.     Boyd insisted Smith call him "daddy."

34.     Boyd puckered his lips at Smith and asked for some of her Chapstick.

35.     Floyd Churchwell made unwanted sexual comments to Smith.

36.     Churchwell is a man.

37.     Churchwell is heterosexual.

38.     Churchwell insinuated he would use alcohol to take advantage of Smith.

39.     Churchwell squeezed Smith's shoulder while passing by.

40.     Churchwell blew kisses to Smith through windows.

41.     Churchwell instructed Smith to "bend down, bend all the way down" when she bent down to pick an object off the floor.

42.     Shonte Butts directed sexually suggestive comments at Smith.

43.     Butts was a warehouse employee.

44.     Butts is a man.

45.     Butts is heterosexual.

46.     Upon finding out Smith was a lesbian, Butts told her she should have sex with him.

47.   Butts stared at Smith.

48.   When Smith asked Butts why he was staring at her, Butts responded "I just want to look at you."

49.   Kevin Rodriguez made sexual comments to Smith.

50.   Rodriguez was Smith's supervisor.

51.   Rodriguez is a man.

52.   Rodriguez is heterosexual.

53.   Rodriguez said to Smith, "Your ass looking fat today.  Your body looking good as hell today."

54.   Rodriguez said to Smith, "Dammmmmn, girl!" referring to her appearance.

55.   Rodriguez told Smith that he would give her money if Smith sent him a "tittie pic" or "a pic of [Smith's] ass in a thong."

56.   Rodriguez asked Smith personal questions about her sex life as a lesbian.

57.   Rodriguez told Smith that she only thought she was a lesbian because she had not "found the right guy."

58.   Rodriguez rubbed Smith's back and shoulders without her consent.

59.   Averments 13-58 will be collectively referred to as the "Sexual Harassment."

60.   The Sexual Harassment was based on gender.

61.   The Sexual Harassment was based on sexual orientation.

62.   The Sexual Harassment was unwelcome to Smith.

63.   Smith opposed the Sexual Harassment.

64.   Smith was embarrassed by the Sexual Harassment.

65.   Smith was offended by the Sexual Harassment.

4

66. A reasonable person would consider the Sexual Harassment to be offensive.

67. The Sexual Harassment was severe.

68. A reasonable person would consider the Sexual Harassment to be severe.

69. The Sexual Harassment was pervasive.

70. A reasonable person would consider the Sexual Harassment to be pervasive.

71. Martin-Brower has a policy against sexual harassment ("Harassment Policy").

72. The Sexual Harassment is a violation of the Harassment Policy.

73. Alternatively, the Sexual Harassment is not a violation of the Harassment Policy.

74. The Sexual Harassment violates the Harassment Policy.

75. Alternatively, the Sexual Harassment is not a violation of the Harassment Policy.

76. Alternatively, the Sexual Harassment is permitted by Martin-Brower.

77. The Sexual Harassment constituted harassment.

78. The Sexual Harassment created a hostile work environment based on gender.

79. The Sexual Harassment created a hostile work environment based on sexual orientation.

80. The Sexual Harassment caused Smith emotional distress.

81. The Sexual Harassment is intolerable in a civilized society.

82. Alternatively, Defendant believes that Sexual Harassment is tolerable in a civilized society.

83. On or about early-to-mid 2024, Smith reported the Sexual Harassment to Dave Copley on multiple occasions. ("Harassment Report")

84. Copley was Smith's direct supervisor.

85. Copley is a man.

86. Copley is heterosexual.

87. Martin-Brower has a policy of investigating significant workplace issues or events.

88. The Harassment Report reported a significant workplace issue or event.

89. Pursuant to Martin-Brower's policies, the Harassment Report should be investigated.

90. Alternatively, pursuant to Martin-Brower's policies, the Harassment Report should not be investigated.

91. An investigation should include interviewing the complainant.

92. An investigation should include interviewing the subject of the complaint.

93. An investigation should include interviewing the subject of the reported discrimination.

94. An investigation should include interviewing witnesses to the reported discrimination.

95. An investigation should include getting a written statement from the complainant.

96. An investigation should include getting a written statement from the subject of the complaint.

97. An investigation should include getting a written statement from the subject of the reported discrimination.

98. In response to the Harassment Report, Martin-Brower did not interview Smith.

99. In response to the Harassment Report, Martin-Brower did not interview Whitlow.

100. In response to the Harassment Report, Martin-Brower did not interview Boyd.

101. In response to the Harassment Report, Martin-Brower did not interview Churchwell.

102. In response to the Harassment Report, Martin-Brower did not interview Rodriguez.

103. In response to the Harassment Report, Martin-Brower did not interview Butts.

104. In response to the Harassment Report, Martin-Brower did not interview any witnesses.

105. In response to the Harassment Report, Martin-Brower did not get a written statement from Smith.

106. In response to the Harassment Report, Martin-Brower did not get a written statement from Whitlow.

107. In response to the Harassment Report, Martin-Brower did not get a written statement from Boyd.

108. In response to the Harassment Report, Martin-Brower did not get a written statement from Churchwell.

109. In response to the Harassment Report, Martin-Brower did not get a written statement from Rodriguez.

110. In response to the Harassment Report, Martin-Brower did not get a written statement from Butts.

111. In response to the Harassment Report, Martin-Brower did not get a written statement from any witnesses.

112. In response to the Harassment Report, Martin-Brower conducted no investigation whatsoever.

113. By failing to investigate the Harassment Report, Martin-Brower ratified the offending employees' conduct.

114. By failing to investigate the Harassment Report, Martin-Brower allowed the offending employees' conduct to continue.

115. Failing to investigate the Harassment Report is an adverse action.

116. Failing to investigate the Harassment Report is an adverse employment action.

117. Martin-Brower willfully failed to investigate the Harassment Report.

118. Martin-Brower intentionally failed to investigate the Harassment Report.

119. In response to the Harassment Report, Martin-Brower did not correct the Sexual Harassment.

120. In response to the Harassment Report, Martin-Brower did not tell Smith why it declined to correct the Sexual Harassment.

121. Martin-Brower terminated Smith's employment on May 15, 2024. ("Termination")

122. Martin-Brower's Termination was retaliation for Harassment Report.

123. Martin-Brower's Termination was because of Smith's gender.

124. Martin-Brower's Termination was because of Smith's sexual orientation.

125. By committing the Termination, Martin-Brower made it less likely for a reasonable employee to make a report or oppose conduct like Sexual Harassment.

126. The Termination constitutes retaliation.

127. The Termination constitutes gender discrimination.

128. The Termination constitutes sexual orientation discrimination.

129. Martin-Brower willfully engaged in the Termination.

130. Martin-Brower intentionally engaged in the Termination.

131. The Termination was an adverse action.

132. The Termination was an adverse employment action.

133. Upon information and belief, Martin-Brower replaced Smith with a man.

134. Upon information and belief, Martin Browner replaced Smith with a heterosexual individual.

135. Martin-Brower has a progressive disciplinary policy. ("Disciplinary Policy")

136. Prior to the Termination, Martin-Brower did not give Smith a verbal warning.

137. Prior to the Termination, Martin-Brower did not give Smith a written warning.

138. Prior to the Termination, Martin-Brower did not give Smith a final written warning.

139. Prior to the Termination, Martin-Brower did not give Smith a suspension.

140. Prior to the Termination, Martin-Brower did not give Smith any written communication criticizing Smith for any reason.

141. Martin-Brower knowingly skipped progressive disciplinary steps in terminating Smith's employment.

142. Martin-Brower knowingly terminated Smith's employment.

143. Martin-Brower knowingly took adverse employment actions against Smith.

144. Martin-Brower knowingly took adverse actions against Smith.

145. Martin-Brower intentionally skipped progressive disciplinary steps in terminating Smith.

146. Martin-Brower intentionally terminated Smith's employment.

147. Martin-Brower intentionally took adverse employment actions against Smith.

148. Martin-Brower intentionally took adverse actions against Smith.

149. Martin-Brower knew that skipping progressive disciplinary steps in terminating Smith's employment would cause Smith harm.

150. Martin-Brower knew that terminating Smith's employment would cause Smith harm.

151. Martin-Brower willfully skipped progressive disciplinary steps in terminating Smith's employment.

152. Martin-Brower willfully terminated Smith's employment.

153. On or about May 15, 2024, Martin-Brower terminated Smith's employment because of sex.

154. On or about May 15, 2024, Martin-Brower terminated Smith's employment because of her sexual orientation.

155. On or about May 15, 2024, Martin-Brower terminated Smith's employment because she opposed harassment.

156. As a result of Martin-Brower's unlawful acts, Smith has suffered and will continue to suffer harm.

## COUNT I: GENDER DISCRIMINATION UNDER TITLE VII

157. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

158. At all times during her employment at Martin-Brower, Smith was qualified for her position.

159. Smith is a member of a statutorily protected class based on her gender under Title VII.

160. Smith is a member of a statutorily protected class based on her sexual orientation under Title VII.

161. Martin-Brower treated Smith differently than other similarly-situated employees based on her gender.

162. Martin-Brower discriminated against Smith on the basis of her gender and sexual orientation throughout her employment with the company.

163. Martin-Brower terminated Smith's employment without just cause.

164. Martin-Brower terminated Smith's employment based on her gender.

165. Martin-Brower terminated Smith's employment based on her sexual orientation.

166. Martin-Brower's discrimination against Smith based on her gender violates Title VII.

167. As a direct and proximate result of Martin-Brower's conduct, Smith suffered and will continue to suffer damages.

## COUNT II: GENDER DISCRIMINATION UNDER R.C. § 4112.02

168. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

169. At all times during her employment at Martin-Brower, Smith was qualified for her position.

170. Smith is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

171. Smith is a member of a statutorily protected class based on her sexual orientation under R.C. § 4112.02.

172. Martin-Brower treated Smith differently than other similarly-situated employees based on her gender.

173. Martin-Brower treated Smith differently than other similarly-situated employees based on her sexual orientation.

174. Martin-Brower discriminated against Smith on the basis of her gender and sexual orientation throughout her employment with the company.

175. Martin-Brower terminated Smith's employment without just cause.

176. Martin-Brower terminated Smith's employment based on her gender.

177. Martin-Brower terminated Smith's employment based on her sexual orientation.

178. Martin-Brower's discrimination against Smith based on her gender violates R.C. § 4112.01 *et seq.*

179. As a direct and proximate result of Martin-Brower's conduct, Smith suffered and will continue to suffer damages.

## COUNT III: SEXUAL HARASSMENT UNDER TITLE VII

180. Smith restates each and every paragraph of this Complaint as though it were fully restated herein.

181. At all times during her employment at Martin-Brower, Smith was qualified for her position.

182. Smith was subjected to unwelcome sexual harassment in the form of unwanted sexual assault, sexual comments, inappropriate sexual gestures, and sexual advances.

183. Martin-Brower created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

184. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Martin-Brower, Smith repeatedly reported the sexual harassment to Dave Copley.

185. Martin-Brower's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

186. The offending employees' sexual harassment of Smith occurred while they were acting in the course and scope of their employment as warehouse employees.

187. Smith's supervisor had knowledge of the offending employees' sexual harassment and failed to take any corrective or remedial action.

188. As a direct and proximate result of Martin-Brower's conduct, Smith suffered and will continue to suffer damages.

## COUNT IV: SEXUAL HARASSMENT UNDER R.C. § 4112.02

189. Smith restates each and every paragraph of this Complaint as though it were fully restated herein.

190. At all times during her employment at Martin-Brower, Smith was qualified for her position.

191. Smith was subjected to unwelcome sexual harassment in the form of unwanted sexual assault, sexual comments, inappropriate sexual gestures, and sexual advances.

192. Martin-Brower created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

193. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Martin-Brower, Smith repeatedly reported the sexual harassment to Dave Copley.

194. Martin-Brower's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.02(A).

195. The offending employees' sexual harassment of Smith occurred while they were acting in the course and scope of their employment as warehouse employees.

196. Smith's supervisor had knowledge of the offending employees' sexual harassment and failed to take any corrective or remedial action.

197.  As a direct and proximate result of Martin-Brower's conduct, Smith suffered and will continue to suffer damages.

## COUNT V:  RETALIATION IN VIOLATION OF TITLE VII

198. Smith restates each and every prior paragraph of this complaint, as if it were fully restated herein.

199. At all times during her employment at Martin-Brower, Smith was qualified for her position.

200. As a result of Martin-Brower's discriminatory conduct described above, Smith complained about the sexual harassment Smith was experiencing.

201. Martin-Brower's actions were retaliatory in nature based on Smith's opposition to the unlawful discriminatory conduct.

202. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing discrimination and harassment.

203. As a direct and proximate result of Martin-Brower's conduct, Smith suffered and will continue to suffer damages.

## COUNT VI:  RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

204.  Smith restates each and every prior paragraph of this complaint, as if it were fully restated herein.

205.  At all times during her employment at Martin-Brower, Smith was qualified for her position.

206.  As a result of Martin-Brower's discriminatory conduct described above, Smith complained about the sexual harassment Smith was experiencing.

207.  Martin-Brower's actions were retaliatory in nature based on Smith's opposition to the unlawful discriminatory conduct.

208.  Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

209.  As a direct and proximate result of Martin-Brower's conduct, Smith suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Markiyah Smith demands from Defendant the following:

(a) Issue a permanent injunction:

   (i)     Requiring Martin-Brower to abolish discrimination, harassment, and retaliation;

   (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii)   Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

14

(iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Smith for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Smith's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/Paul Filippelli
Paul Filippelli (0097085)
Trisha Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: paul.filippelli@spitzlawfirm.com
Email: trisha.breedlove@spitzlawfirm.com

*Attorneys For Plaintiff Markiyah Smith*

## **JURY DEMAND**

Plaintiff Markiyah Smith demands a trial by jury by the maximum number of jurors permitted.

/s/Paul Filippelli
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**